UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WI-LAN INC., | ) | Case No. 10cv2351-WQH (BLM) |
| Plaintiff, | ) ) | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE OUT OF DISTRICT SUBPOENA** |
| v. | ) ) | |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., BROADCOM CORPORATION, | ) ) ) | [ECF No. 1] |
| Defendants. | ) ) | |

On November 15, 2010, Plaintiff filed a Motion to Enforce Out of District Subpoena. ECF No. 1. The Court set an expedited briefing schedule. ECF No. 4. Defendant Broadcom Corporation timely filed its opposition on November 22, 2010 (ECF No. 6), and Plaintiff timely filed its reply on November 24, 2010 (ECF No. 7). Having considered all the briefing and supporting documents presented, and for the reasons set forth below, Plaintiff's motion is hereby **GRANTED IN PART AND DENIED IN PART**.

Plaintiff Wi-Lan, Inc. is engaged in patent litigation against Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. in federal court in the Southern District of New York. ECF No. 1. On October 20, 2010, Plaintiff served a subpoena on non-party, Broadcom Corporation, seeking the production of documents by November 1, 2010 and a deposition on November 4, 2010. ECF No. 1-2 at 6-17 (Ex. A); ECF No. 1-4 at 8 (Ex. F). Broadcom served written objections to the subpoena on October 22, 2010. ECF No. 1-4 at 16-19

1  (Ex. H).  Over the next several weeks, Wi-Lan and Broadcom attempted to resolve their
2  disputes via telephonic and written discussions.  ECF No. 1-4 at 22-32 (Exs. I-K).  The
3  parties were unable to resolve all of their disputes, so on November 15, 2010, Plaintiff filed
4  the instant motion.

5  In its moving papers, Plaintiff stated that Broadcom had not produced any
6  documents, had not otherwise complied with the subpoena, and had not committed to a
7  date by which it would produce the documents and a witness.  ECF No. 1-1.  Plaintiff asked
8  the Court to require Broadcom to comply with the subpoena by producing all responsive
9  documents by November 24, 2010 and a knowledgeable witness by November 30, 2010.
10  Id. at 5.  Plaintiff explained that the requested deadlines were necessary because fact
11  discovery in the New York case ends on December 3, 2010.  Id.

12  In its opposition, Broadcom notified the Court that it had reached an agreement with
13  Plaintiff regarding the scope of the requested discovery, but stated that it had been unable
14  to reach an agreement regarding the timing of the discovery production.  ECF No. 6.
15  Broadcom explained that the most knowledgeable person as defined in the subpoena
16  request is Adil Jagmag, and Mr. Jagmag currently is involved in another important project
17  that requires him to "work[] around the clock" outside of the United States.  Id. at 4; ECF
18  No. 6-2 at 1-2.  Broadcom stated that Mr. Jagmag should complete his current project by
19  December 10, 2010 and would then be available to assist in the production of documents
20  in this case and to be deposed.  ECF No. 6 at 4.  Broadcom also advised the Court that it
21  recently had produced "more than 2,000 pages of documents on all five of the identified
22  Broadcom chips."  Id. at 5; ECF No. 6-1 at 2.  Due to Mr. Jagmag's commitments and the
23  holidays, Broadcom asked that the date for production of documents be December 31, 2010
24  and the deposition occur by January 12, 2011.  ECF No. 6 at 8.

25  In its reply, Plaintiff confirmed that the parties had agreed on the scope of the
26  subpoena and that the only remaining dispute was the timing of the complete document
27  production and deposition.  ECF No. 7 at 1.  Plaintiff reiterated its position that Broadcom
28  could respond in the requested time frame because Broadcom is a large corporation with

numerous employees and because Plaintiff had offered to make reasonable accommodations for Mr. Jagmag's schedule. Id. at 2-3  Finally, Plaintiff again argued that it would be prejudiced if the requested dates are not honored because fact discovery in the underlying case ends on December 3, 2010 and "is unlikely" to be extended. Id. at 4.

Rule 45 of the Federal Rules of Civil Procedure establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. See Fed. R. Civ. P. 45. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty . . . ." Fed. R. Civ. P. 45(c)(1). The court must quash or modify a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). The Ninth Circuit has explicitly recognized courts' discretion to limit discovery as necessary, including by affording non-parties special protection against the time and expense of complying with subpoenas. Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 779-80 (9th Cir. 1994). The rationale for this policy is that "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party." United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 371 (9th Cir. 1982).

Here, Plaintiff's requested deadlines impose an undue burden on Broadcom. Broadcom is a non-party witness who was served with a comprehensive subpoena seeking both documents and testimony near the close of discovery in the underlying litigation. Broadcom immediately made good faith efforts to comply with the subpoena by beginning an internal investigation and contacting Plaintiff to negotiate the scope of the subpoena. Broadcom's efforts were successful as the parties agreed upon the scope of the subpoena and Broadcom began producing relevant documents in late November.  While Plaintiff correctly notes that more than forty days have passed since it served the original subpoena, the Court finds that this delay is not unreasonable, given the facts of this case.

Broadcom repeatedly states that Adil Jagmag is the most knowledgeable employee

on the identified topics and explains that he currently is unavailable due to another, time-sensitive project. There is no reason to doubt Broadcom's assertions regarding Mr. Jagmag, and Plaintiff's contention that "there are likely Broadcom employees other than Mr. Jagmag who are able to provide the discrete information sought by the subpoena" does not undermine Broadcom's statements. ECF No. 7 at 2. Moreover, Broadcom has made reasonable efforts to comply with Plaintiff's discovery requests by already producing more than 2,000 documents, offering to help Plaintiff with discovery deadline extensions, and offering other witnesses to authenticate the documents it produced. ECF No. 6 at 5. Because Mr. Jagmag is unavailable to work on this case until December 10, 2010, the Court finds good cause to set the compliance dates after December 10, 2010.[1]

Given the scope of the requested documents and testimony, and the fact that briefing on the instant motion did not conclude until November 24, 2010, the Court finds that Plaintiff's requested dates for compliance are unreasonable and create an undue burden on Broadcom. See Fed. R. Civ. P. 45(c)(1). Because Plaintiff's expert declarations are due by or before January 7, 2011 (ECF No. 7 at 4), and Broadcom's witness, Mr. Jagmag, will become available on December 10, 2010 (ECF No. 6 at 8), the Court hereby orders that Defendant Broadcom produce the responsive documents by **December 17, 2010**, and facilitate the deposition of Mr. Jagmag by **December 23, 2010**.

**IT IS SO ORDERED.**

DATED: December 1, 2010

BARBARA L. MAJOR
United States Magistrate Judge

---

[1] The Court acknowledges that this date is after the close of fact discovery in the underlying case. However, Plaintiff served the subpoena at issue near the close of discovery and briefing in the instant case did not conclude until nine days before the close of discovery in New York. As such, it would place an undue burden on Broadcom to require it to comply with the subpoena within the requested time. While the parties disagree about why Plaintiff served the subpoena so late in the case, the Court finds the reason irrelevant. The relevant inquiry is whether Broadcom has a reasonable amount of time to respond to the subpoena and, under these facts, the Court finds that Plaintiff's requested dates do not provide the requisite reasonable time.